ORIGINAL

FILED
JUN 1 1 2007
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**PATRICK KELLY**

**v.**

**THE UNITED STATES**

**No.** 07-369 C

**COMPLAINT**

1. This action arises out of Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives' ("ATF") breach of a contract it entered into with its employee, Plaintiff Patrick Kelly ("Mr. Kelly"). Specifically, Mr. Kelly alleges that the ATF breached a Settlement Agreement entered into by the ATF and Mr. Kelly on January 17, 2007. *See* Attachment A, Settlement Terms Sheet. Moreover, Mr. Kelly avers that ATF breached its contractual obligation to expeditiously and in good faith reimburse him for his expenses incurred for lodging, transportation, subsistence, relocation and travel expenses, house hunting, and expenses on the sale of a home. Accordingly, Mr. Kelly avers that he is entitled to reimbursements for all submitted voucher forms, plus late fees and interest as required by law, as well as his reasonable attorney fees and costs, as agreed to in the Settlement Agreement.

**Parties**

2. Mr. Kelly has been employed as an agent with the United States Department of Justice (DOJ) for over ten years. He has no disciplinary issues and has received a rating of outstanding and fully successful on his last appraisals. He was named Outstanding Law Enforcement Officer by the United States Attorney's Office in the Southern District of Florida.

3. ATF is a principal law enforcement agency with in the DOJ. ATF performs the dual responsibilities of enforcing Federal criminal laws relating to violent crime and regulating the firearms and explosives industries.

## Jurisdiction

4. This Honorable Court has jurisdiction over the claim presented herein pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 1491.

## Factual Allegations

5. In 2005, Mr. Kelly was a Special Agent stationed in the ATF Fort Lauderdale Field Office ("FO") in the State of Florida. On April 8, 2005, the Assistant SA in Charge of the Miami Field Division contacted the ATF's Office of Operations Security regarding a "contract" against the lives of Mr. Kelly and an Assistant United States Attorney ("AUSA").

6. ATF evacuated Mr. Kelly and his family from their home and placed them in a secure location in a hotel. Mr. Kelly and his family were relocated to a hotel in Undisclosed Location #1 in May 2005, where they stayed for six months. Mr. Kelly's ATF credit card was deactivated because of a dispute at ATF over which ATF funding entity would cover Mr. Kelly's expenses. As a result, Mr. Kelly bore the expense of lodging, subsistence and relocation for himself and his family. Mr. Kelly bore the expense of official travel and use of his personally owned vehicle (POV) in such travel. Mr. Kelly also bore the expense of the sale of his home in Florida and relocation of his household goods.

7. In June 2005, Mr. Kelly was ordered to relocate to Undisclosed Location #2, where a credible threat existed, while no provisions were made for his wife and child, who were

left homeless. Mr. Kelly was finally transferred to Undisclosed Location #3, yet ATF denied him a funded house hunting trip. As a result of all the forgoing uncompensated expenses, Mr. Kelly had to sell his home in September of 2005, although he was finally reimbursed for the hotel expenses incurred in Undisclosed Location #1 in January of 2006.

8. As a result of the transfers, Mr. Kelly has had to pay out-of-pocket for lodging, transportation, subsistence, relocation and travel expense, house hunting, and expense on the sale of a home.

9. In or about July of 2006, Mr. Kelly filed a complaint with the OSC seeking reassignment to his first relocation order in Undisclosed Location #1, a temporary non-classified assignment and reimbursement for his expenses, as well as attorney fees and costs.

10. On or about January 17, 2007, Mr. Kelly and ATF settled their differences through the attached Settlement Terms Sheet (Attachment A). Mr. Kelly agreed to dismiss with prejudice his OSC complaint and stipulated that his expenses associated with his various relocations total no more than $141,204.89. Mr. Kelly agreed to submit to ATF voucher forms and receipts supporting his expenses within 90 days.

11. In exchange for Mr. Kelly's promises, ATF agreed to "work expeditiously and in good faith" with Mr. Kelly to ensure reimbursement for any and all voucher forms submitted by Mr. Kelly. ATF also agreed to pay "any reasonable attorney fees and costs necessary to enforce this agreement."

12. Mr. Kelly submitted a group of the requested voucher forms on or about March 30, 2007 to ATF.

13. While awaiting the reimbursements, Mr. Kelly continued to incur expenses in providing for his family.

14. On or about May 16, 2007, Mr. Kelly received payment for one of the thirteen vouchers he submitted and an unknown deposit. These two payments only constituted about five percent of the monies owed to Mr. Kelly. One of the payment amounts did not correspond to any submitted voucher, indicating that ATF had either withheld taxes from a voucher, or had reduced the payment amount on another voucher. However, Mr. Kelly received no email communication indicating that a voucher amount was being reduced, as is required by ATF regulation.

15. Mr. Kelly and his counsel made repeated requests for information as to the status of the payments that are due and owing, and to date ATF has failed and/or refused to provide information as to when the remaining vouchers would be paid or when the monies owed would be paid. *See* Attachment B, email correspondence to the ATF.

16. As of the date of this complaint, ATF has failed and/or refused to meet its contractual obligation to "work expeditiously and in good faith" to reimburse Mr. Kelly for all submitted voucher forms.

## COUNT I
## Breach of Contract (Failure to Comply with Settlement Agreement)

17. Mr. Kelly incorporates and realleges the allegations of the above paragraphs as though fully set forth herein.

18. ATF breached its Settlement Agreement with Mr. Kelly by failing and/or refusing to work with him in good faith to expeditiously reimburse him for his expenses.

19. Accordingly Mr. Kelly claims $141,204.89 as agreed to in the Settlement Agreement, and Mr. Kelly requests reimbursement in the amount of at least $141,204.89, which represents the expenses stipulated in the Settlement Agreement, plus late fees and interest as

required by law and reasonable attorney fees and costs, as agreed to in the Settlement Agreement.

**COUNT II**
**Breach of Contract (Failure to Pay Expenses)**

20. Mr. Kelly incorporates and realleges the allegations of the above paragraphs as though fully set forth herein.

21. ATF is and at all times was obligated to pay Mr. Kelly's out-of-pocket for lodging, transportation, subsistence, relocation and travel expense, house hunting, and expense on the sale of a home pursuant to Federal Travel Regulation, 41 C.F.R. §§ 300 through 304, and ATF policy pursuant to ATF H 1500.1A, ATF O 1500.2C, ATF O 1540.1, and ATF B 1550.6.

22. Mr. Kelly incurred expenses as a result of ATF orders for temporary duty, transfer and relocation of himself and his family. Mr. Kelly's ATF credit card was deactivated through no fault of his own. As a result, Mr. Kelly personally bore the expense associated with the temporary transfers and subsequent relocation of himself and his family.

23. The forgoing is in violation of the Federal Travel Regulation, 41 C.F.R. §§ 300 through 304, and ATF policy pursuant to ATF H 1500.1A, ATF O 1500.2C, ATF O 1540.1, and ATF B 1550.6.

24. Pursuant to 41 C.F.R. § 301-71.204, Mr. Kelly requests late fees on all temporary duty expenses that were not repaid within 30 days after submission of travel vouchers.

25. ATF breached its obligations to Mr. Kelly, and such obligations arose from the United States Constitution, federal statutes, executive regulations, and express and implied-in-fact contracts pursuant to 5 U.S.C. §§ 5701 *et al.*, Federal Travel Regulation, 41 C.F.R. §§ 300 through 304, ATF O 1500.2C, ATF O 1540.1, ATF H 1500.1A and ATF B 1550.6.

26. Accordingly Mr. Kelly requests reimbursement in the amount of at least $141,204.89, plus late fees and interest as required by law, as well as reasonable attorney fees and costs as agreed to in the Settlement Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Kelly prays that this Court enter an order awarding Mr. Kelly the amount of at least $141,204.89 as stipulated in the Settlement Agreement, plus late fees and interest as required by law. Mr. Kelly further requests that this Court award Mr. Kelly any attorneys' fees and other costs associated with bringing this action, as well as grant such other and further relief as it may deem just and equitable.

Respectfully submitted,
*By Counsel*

R. Scott Oswald, Esq.
Nicholas Woodfield, Esq.
The Employment Law Group, P.C.
888 17th Street, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 331-2883
Facsimile: (202) 261-2835
nwoodfield@employmentlawgroup.net
*Attorney for Plaintiff*

Date: June 11, 2007.

# ATTACHMENT A

Settlement Term Sheet

Pat Kelly will dismiss his complaint against Bureau of Alcohol Tobacco and Firearms ("ATF"), styled OSC File No. MA-06-2282, with prejudice (and each side to bear his/its attorney fees and costs except as set forth in paragraph (3) below), and he stipulates that all of his expenses associated with his move to Hyattsville and Albany incurred through 01/17/07 have been submitted to ATF (although not necessarily correctly formatted) and that these expenses total no more than $141,204.89. Mr. Kelly further agrees to work expeditiously and in good faith with agency representatives to format the above voucher forms consistent with ATF protocol and to submit receipts supporting the above voucher requests, to the extent receipts are available, within 90 days. (Mr. Kelly recognizes that ATF will not reimburse him for any receipts submitted relating to the above vouchers after 90 days). In addition, Mr. Kelly agrees to cooperate with ATF's Operations Security Office regarding a threat assessment for his transfer to Boston.

In exchange for the above promises and representations, the Bureau of Alcohol Tobacco and Firearms (ATF) agrees to the following:

1) That it will institute Mr. Kelly's Reassignment/Permanent Change of Station (PCS) effective 02/18/07 to the Boston Division, Boston Field Office, Boston Group 4 (North) currently under the supervision of Jeff Kerr. Should Group 4 split, ATF agrees that it will assign Mr. Kelly to the group which is expected to handle cases out of the Northern Suburbs of Boston.

2) That it will agree not to disparage Mr. Kelly for filing any complaint with the Office of Special Counsel or otherwise engaging in activity protected by the Whistleblower Protection Act.

3) That it will pay any reasonable attorney fees and costs necessary to enforce this agreement.

Patrick J. Kelly, on behalf of himself — Date: 1/17/07

R. Scott Oswald, Complainant's Counsel — Date: 1/17/07

Virginia O'Brien, Dep. Asst. Dir. for Field Operations — Date: 1/17/07
on behalf of and authority to bind the Bureau of Bureau of Alcohol Tobacco and Firearms.

Eleaner Loos, Agency Counsel — Date: 1/17/07

# ATTACHMENT B

**Nicholas Woodfield**

---

**From:** Nicholas Woodfield
**Sent:** Monday, June 04, 2007 8:42 PM
**To:** 'Loos, Eleaner R.'
**Cc:** R. Scott Oswald; Cynthia Smith; 'pkelly273@yahoo.com'
**Subject:** RE: Patrick Kelly

Eleanor:

Not only have we received no payments from the ATF again today, but I have yet to receive a response from you. It's been two weeks since you said you would find out what was going on, and then you disappeared.

Please be advised we have begun preparing our Court of Federal Claims complaint alleging breach of contract. Also please be advised that we will seek our attorney's fees and costs as per the settlement agreement if we have to file suit. Accordingly, if the ATF would like to avoid the litigation please instruct your client to comply with the settlement agreement.

We would greatly appreciate an answer to this email.

Nick

---

**From:** Nicholas Woodfield
**Sent:** Wednesday, May 30, 2007 7:25 PM
**To:** 'Loos, Eleaner R.'
**Cc:** R. Scott Oswald; Cynthia Smith; 'pkelly273@yahoo.com'
**Subject:** RE: Patrick Kelly

Eleanor:

No funds deposited today. It is now 61 days since the first vouchers were sent on 3/29. Please let us know what, if anything, is going on.

Nick

---

**From:** Nicholas Woodfield
**Sent:** Tuesday, May 29, 2007 8:06 PM
**To:** 'Loos, Eleaner R.'
**Cc:** R. Scott Oswald; Cynthia Smith; 'pkelly273@yahoo.com'
**Subject:** RE: Patrick Kelly

Eleanor:

No funds deposited today. It is now 60 days since the first vouchers were sent on 3/29. Please let us know what, if anything, is going on.

Nick

---

**From:** Nicholas Woodfield
**Sent:** Friday, May 25, 2007 6:37 PM
**To:** 'Loos, Eleaner R.'
**Cc:** R. Scott Oswald; Cynthia Smith; 'pkelly273@yahoo.com'
**Subject:** RE: Patrick Kelly

Eleanor:

We did not hear any more from you this week, and Mr. Kelly still has not received any more payments. We have prepared the attached chart, and I want your input into it. So far we have been told that the following vouchers were processed for payment on May 14, 2007:

Sale of Residence - $29,047.77

House Hunt Trip - $1,462.85

Temporary Quarters - Fixed Amount - $6,619.50

Miscellaneous Expense - $980.67

We also know that you have received payment for two in the amounts of $1,000 $6,750. We believe the $1,000 is for one of two MEA allowances submitted and the second one for $6,750 is either the $10,000 for the home incentive program with taxes mistakenly taken or it is a reduced amount on another voucher.

I am certain that you are aware how frustrating this is for Mr. Kelly, and he is near the end of his rope. Accordingly, please let us know the status of payments so that we might avoid taking this to the next step.

Thanks, and have a good weekend.

Nick

-----Original Message-----
From: "Nicholas Woodfield" <nwoodfield@employmentlawgroup.net>
Date: Tue, 22 May 2007 18:50:46
To:"Loos, Eleaner R." <Eleaner.R.Loos@usdoj.gov>
Cc:"R. Scott Oswald" <SOswald@employmentlawgroup.net>,"Cynthia Smith" <csmith@employmentlawgroup.net>,<pkelly273@yahoo.com>
Subject: RE: Patrick Kelly

Thanks, Eleanor. We appreciate your staying on top of this.

Nick

Nicholas Woodfield
202.261.2812 | nwoodfield@employmentlawgroup.net

<cid:7aa685a79e@10c349cc-058c>

----------------

From: Loos, Eleaner R. [mailto:Eleaner.R.Loos@usdoj.gov]
Sent: Tuesday, May 22, 2007 9:25 AM
To: Nicholas Woodfield
Subject: RE: Patrick Kelly

I would have expected that he have them by now. I'll see what I can find out.

----------------

From: Nicholas Woodfield [mailto:nwoodfield@employmentlawgroup.net]
Sent: Tuesday, May 22, 2007 9:17 AM
To: Loos, Eleaner R.
Cc: R. Scott Oswald; Cynthia Smith; pkelly273@yahoo.com
Subject: RE: Patrick Kelly

Thanks, Eleanor, for the update. Do you know when Mr. Kelly might expect these payments?

Thanks.

Nick

Nicholas Woodfield

202.261.2812 | nwoodfield@employmentlawgroup.net

----------------

From: Loos, Eleaner R. [mailto:Eleaner.R.Loos@usdoj.gov]
Sent: Tuesday, May 22, 2007 8:58 AM
To: Nicholas Woodfield
Subject: Patrick Kelly

The following vouchers were processed for payment on May 14, 2007

Sale of Residence - $29,047.77

House Hunt Trip - $1,462.85

Temporary Quarters - Fixed Amount - $6,619.50

Miscellaneous Expense - $980.67

These represent payments made in connection with the PCS from Ft. Lauderdale, Florida to Baltimore, MD in 2005.