IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PATRICK KELLY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-369C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant respectfully requests that the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. In count one plaintiff alleges that the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") breached a settlement agreement with plaintiff by failing to pay his relocation expenses. Because the settlement agreement does not require ATF to pay plaintiff's relocation expenses, the alleged contract has not been breached. In count two, plaintiff asserts that ATF breached unspecified express and implied contracts. Plaintiff, however, fails to set forth the requisite elements of a breach of contract claim. For these reasons, the complaint should be dismissed.

STATEMENT OF THE ISSUES

1. Whether count one of the complaint fails to state a claim upon which relief may be granted where the alleged written contract does not require ATF to reimburse plaintiff for expenses.

2. Whether count two of the complaint fails to state a claim upon which relief may be granted where plaintiff has not plead the elements of a breach of contract.

## STATEMENT OF FACTS

On June 11, 2007, plaintiff brought this action seeking reimbursement for expenses he claims to have incurred from a relocation arising out of his work as a Special Agent for the ATF. Plaintiff's complaint contains two counts. In count one, he claims that ATF breached a settlement agreement. Compl. ¶ 18. Plaintiff contends that the settlement agreement requires that ATF pay him at least $141,204.89 in expenses, plus late fees and interest and attorneys' fees. Id. ¶¶ 11, 19. The settlement agreement, which is entitled "Settlement Term Sheet," is attached as Attachment A to the complaint.

In count two, entitled "Breach of Contract," plaintiff alleges that by failing to pay his expenses, ATF breached express and implied-in-fact contracts with plaintiff. Plaintiff does not provide any detail concerning these alleged contracts but states that ATF's obligations "arose from the United States Constitution, federal statutes, executive regulations, and express and implied contracts" pursuant to federal statutes and regulations. Id. ¶ 25.

## ARGUMENT

### I. Standard of Review

Pursuant to Rule 12(b)(6), the Court may dismiss a complaint if, as a matter of law, it fails to state a claim upon which relief can be granted, even assuming the truth of its allegations. Dismissal for failure to state a claim is appropriate whenever "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kinne v. United States, 21 Cl. Ct. 104, 107 (1990) (citations omitted). In resolving a motion to dismiss for failure to state a claim, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. Thus, the Court "must . . . indulge in all reasonable inferences in favor of the nonmovant." Gould, Inc. v. United

States, 935 F.2d 1271, 1274 (Fed. Cir. 1991). Nonetheless, the Court should not place any weight on assertions in the complaint other than allegations of fact, because "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 168 (1992) (citation omitted). Moreover, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Id. Finally, the Court may consider documents attached to a complaint without converting a motion to dismiss into one for summary judgment. Bolduc v. United States, 72 Fed. Cl. 187, 189 n.3 (2006).

## II. ATF Has Not Breached the Settlement Term Sheet Because That Agreement Does Not Require ATF To Reimburse Plaintiff For Expenses

It is black-letter contract law that "[t]he court may not insert a term into the contract that simply is not there. 'Contract language should be given its plain meaning without rewriting or varying terms of the contract.'" Pete Vicari Gen. Contractor, Inc. v. United States, 51 Fed. Cl. 161, 169 (2001), quoting Haehn Mgmt. Co. v. United States, 15 Cl. Ct. 50, 59 (1988) (citing Hyman Constr. Co. v. United States, 832 F.2d 574, 581 (Fed.Cir. 1987)).

In count one of his complaint, plaintiff asserts that ATF breached the Settlement Term Sheet by failing to reimburse him for expenses. Compl. ¶¶ 11, 18. Plaintiff contends that "ATF agreed to 'work expeditiously and in good faith' with Mr. Kelly to ensure reimbursement for any and all voucher forms submitted by Mr. Kelly." Id. ¶ 11 (emphasis added). Plaintiff then asserts that "ATF breached its Settlement Agreement with Mr. Kelly by failing and/or refusing to work with him in good faith to expeditiously reimburse him for his expenses." Id. ¶ 18.

Plaintiff has inserted a term into the Settlement Term Sheet that is not there; he has rewritten the Settlement Term Sheet so that one of his obligations is now ATF's. The Settlement

Term Sheet does not contain any obligation on the part of ATF to reimburse Mr. Kelly for expenses. Rather, that agreement states that "Mr. Kelly further agrees to work expeditiously and in good faith with agency representatives to format the above voucher forms...and to submit receipts...." Id., Appendix A (emphasis added). In fact, ATF's obligations under the agreement are contained in a separate paragraph and are limited to the following:

> In exchange for the above promises and representations [ATF] agrees to the following:
>
> 1. That it will institute Mr. Kelly's Reassignment/Permanent Change of Station (PCS) effective 2/18/07 to the Boston Division, Boston Field Office, Boston Group 4 (North) currently under the supervision of Jeff Kerr. Should Group 4 split, ATF agrees that it will assign Mr. Kelly to the group which is expected to handle cases out of the Northern Suburbs of Boston.
>
> 2. That is will agree not to disparage Mr. Kelly for filing any complaint with the Office of Special Counsel or otherwise engaging in activity protected by the Whistleblower Protection Act.
>
> 3. That it will pay any reasonable attorney fees and costs necessary to enforce this agreement.

Id.

Plaintiff does not allege that ATF failed to fulfill any of these obligations. Instead, plaintiff inserts a term into the agreement – that ATF shall reimburse Mr. Kelly for his expenses – that simply is not there. Count one therefore violates black-letter contract law and should be dismissed. See Pete Vicari Gen. Contractor, Inc. v. United States, 51 Fed. Cl. 161, 168 (2001) ("The court may not insert a term into the contract that simply is not there."); cf. Taylor v. United States, 73 Fed. Cl. 532, 546 (2006) ("plaintiff nevertheless fails to provide any evidence that the government breached the contract. Specifically, plaintiff does not allege that the government failed to perform any of its duties under the ... settlement agreement.... Thus, plaintiff fails to state a claim for breach of contract.").

Moreover, the language of the Settlement Term Sheet demonstrates that there was no meeting of the minds as to the amount of expenses, if any, plaintiff would be reimbursed, other than an acknowledgment by plaintiff that those expenses would not exceed $141,204.89.[1] The Settlement Term Sheet indicates that ATF had not yet reviewed plaintiff's receipts or made a determination as to the veracity of his purported expenses. The Settlement Term Sheet refers to plaintiff's claim for expenses as a "request" and states that plaintiff would not be reimbursed for receipts submitted after 90 days:

> Mr. Kelly further agrees to work expeditiously and in good faith with agency representatives to format the above voucher forms consistent with ATF protocol and to submit receipts supporting the above voucher requests, to the extent receipts are available, within 90 days. (Mr. Kelly recognizes that ATF will not reimburse him for any receipts submitted relating to the above vouchers after 90 days).

Compl., Attachment A. Thus, under the Settlement Term Sheet, the amount of expenses due to plaintiff (if any) had not yet been ascertained. To now insert a provision requiring ATF to pay those expenses would not only violate the precedent cited above but would contradict the intent of the parties to save that determination for another time. For these reasons, count one should be dismissed.

III. Count Two Should Be Dismissed Because Plaintiff Has Not Alleged Facts Sufficient To Show That A Contract Existed

Count two of plaintiff's complaint is entitled "Breach of Contract." Count two alleges that ATF breached both express and implied-in-fact contracts with plaintiff. Compl. ¶ 25. "An express contract is an agreement or mutual assent by the parties manifested in words, oral or

---

[1] Oddly, Mr. Kelly states that he received payment for a portion of the $141,204.89, but he nonetheless still seeks payment of the full amount. Compl. ¶ 18 ("Mr. Kelly received payment for one of the thirteen vouchers he submitted and an unknown deposit"). Thus, under his own facts Mr. Kelly's claim for damages in the amount of $141,204.89 must be rejected.

written." People's Bank & Trust Co. v. United States, 11 Cl. Ct. 554, 566 (1987). An implied-in-fact contract is "founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." Hercules, Inc. v. United States, 516 U.S. 417, 424, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996), quoting Baltimore & Ohio R.R. v. United States, 261 U.S. 592, 597, 58 Ct.Cl. 709, 43 S.Ct. 425, 67 L.Ed. 816 (1923). Whether alleging the existence of an express or an implied-in-fact contract, however, plaintiff has the burden of proffering evidence establishing the required elements of a contact: "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract." Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997).

Here, plaintiff has failed to specify the terms of the contract; has failed to show that ATF intended to be bound by any contract; and has failed to demonstrate that a meeting of the minds occurred. Also, the implied contract cited by plaintiff is not valid because, under plaintiff's facts, it is directly related to the express contract between the parties. Finally, plaintiff has failed to allege authority on the part of the government representative who allegedly entered into the contract (or even identify that representative).

As an threshold matter, the formation of a contract requires, at a minimum, a meeting of the minds on all material terms and an intent to be bound. See, e.g., Charter Fed. Sav. Bank v. United States, 67 Fed. Cl. 759, 770 (2005). Here, the complaint does not allege that a meeting of the minds occurred, or that ATF intended to be bound. Plaintiff merely states that ATF's obligations to plaintiff arose out of the United States Constitution, federal statutes, executive

regulations and unspecified "express and implied contracts." Compl. ¶ 25. This conclusory allegation falls far short of establishing the required elements of a breach of contract claim.

Also, the purported terms of the contract alleged by plaintiff are far too nebulous and vague to be binding. "The common law principle that a contract cannot be enforced if the terms are indefinite . . . retains a core of vitality." Goldstick v. ICM Realty, 788 F.2d 456, 461 (7th Cir.1986). As Chief Judge Posner explained in that case:

> If people want the courts to enforce their contracts they have to take the time to fix the terms with reasonable definitiveness so that the courts are not put to an undue burden of figuring out what the parties would have agreed to had they completed their negotiations. The parties have the comparative advantage over the court in deciding on what terms a voluntary transaction is value-maximizing; that is the premise of a free-enterprise system. This is not to say that enforcement should be denied if the parties by inadvertence failed to specify some peripheral term. Such omissions both are the unavoidable consequence of the limitations of human foresight and can be repaired by the courts without undue difficulty. But in this case essential terms were missing[.]

Id. at 461 (cited with approval in Hamilton Securities Advisory Services, Inc. v. United States, 60 Fed. Cl. 144, 144-45 (2004)). See also Modern Sys. Tech. Corp. v. United States, 979 F.2d 200, 202 (Fed. Cir. 1992) ("In the absence of contractual intent or sufficiently definite terms, no contractual obligations arise"); cf. Garza v. United States, 34 Fed. Cl. 1, 15-16 (1995) (refusing to find the existence of an enforceable contract where the agreement contained only general terms). Moreover, "the terms of a contract must 'provide a basis for determining the existence of a breach and for giving an appropriate remedy.'" Bel Pre Health Care Ctr. v. United States, 24 Cl. Ct. 495, 496 (1991) (quoting Restatement (Second) of Contracts § 33(2) (1979)), aff'd, 980 F.2d 745 (Fed. Cir. 1992). One need only look at all the varied assertions made by plaintiff to show the complete lack of definiteness in the purported contract(s). Plaintiff cites to the United States Constitution, statutes and regulations, and express and implied contracts but he neglects to

provide any details about those contracts. Compl. ¶ 25. The complaint is simply devoid of the sort of information that is required when pleading a contract claim; namely, a description of the terms of the contract and whether there was a meeting of the minds as to those terms.

In addition, plaintiff cannot assert an implied contract claim because the existence of an express contract between the parties precludes the existence of an implied contract. Put simply, any implied contract, to be valid, must be unrelated to the express contract put forward by plaintiff. Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc) (finding that an express contract precludes another "unless the implied contract is entirely unrelated to the express contract."); Moore v. United States, 48 Fed. Cl. 394, 401 (2000) (same). Here, plaintiff asserts that the express contract covers the very same subject matter as the alleged implied contract. In fact, count two includes claims for breach of both express and implied contracts and also specifically incorporates count one - the breach of express contract claim. Compl. ¶ 20, 25. Plaintiff also cites the Settlement Term Sheet in count two, leaving the government to wonder if count two is merely a rehash of count one. Compl. ¶ 26. While count two is not a model of clarity, it is nonetheless clear that under plaintiff's facts the implied contract (whatever it may be) is related to the Settlement Term Sheet. For this reason, count two should be dismissed.

Finally, in Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947), the Supreme Court established two controlling principles of Government contract law. First, the Court held that the Government is not bound by the acts of its agents unless the agent is acting within the limits of his actual authority. Id. at 384. Second, the Court held that anyone entering into a contract with the Government takes the risk of "having accurately ascertained that he who purports to act for the government stays within the bounds of his authority." Id. Here, to the extent plaintiff is attempting to bring a claim based on an implied contract, plaintiff has failed to identify the

individual with authority to bind ATF. Similarly, to the extent plaintiff is asserting a claim for a breach of an express contract, plaintiff has failed to assert that the individual acting on behalf of ATF had the authority to enter into a contract for the payment of $141,204.89 in expenses. For these reasons, count two should be dismissed.

## CONCLUSION

The United States respectfully requests that this Court dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s L. Misha Preheim
L. MISHA PREHEIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 305-3087
Fax: (202) 305-1571

October 9, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 9th day of October, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s L. Misha Preheim