**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **PATRICK KELLY** | ) |
| **v.** | ) **No. 07-369 C** |
| | ) **Judge Horn** |
| **THE UNITED STATES** | ) |

**FIRST AMENDED COMPLAINT**

1. This action arises out of Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives' ("ATF") breach of a contract it entered into with its employee, Plaintiff Patrick Kelly ("Mr. Kelly"). Specifically, Mr. Kelly alleges that the ATF breached a Settlement Agreement entered into by the ATF and Mr. Kelly on January 17, 2007. *See* Attachment A, Settlement Terms Sheet. Moreover, Mr. Kelly avers that ATF breached its contractual obligation to expeditiously and in good faith reimburse him for his expenses incurred for lodging, transportation, subsistence, relocation and travel expenses, house hunting, and expenses on the sale of a home. Accordingly, Mr. Kelly avers that he is entitled to reimbursements for all submitted voucher forms, plus late fees and interest as required by law, as well as his reasonable attorney fees and costs, as agreed to in the Settlement Agreement.

**Parties**

2. Mr. Kelly has been employed as an agent with the United States Department of Justice (DOJ) for over ten years. He has no disciplinary issues and has received a rating of outstanding and fully successful on his last appraisals. He was named Outstanding Law Enforcement Officer by the United States Attorney's Office in the Southern District of Florida.

3. ATF is a principal law enforcement agency with in the DOJ. ATF performs the dual responsibilities of enforcing Federal criminal laws relating to violent crime and regulating the firearms and explosives industries.

**Jurisdiction**

4. This Honorable Court has jurisdiction over the claim presented herein pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 1491.

**Factual Allegations**

5. In 2005, Mr. Kelly was a Special Agent stationed in the ATF Fort Lauderdale Field Office ("FO") in the State of Florida. On April 8, 2005, the Assistant SA in Charge of the Miami Field Division contacted the ATF's Office of Operations Security regarding a "contract" against the lives of Mr. Kelly and an Assistant United States Attorney ("AUSA").

6. ATF evacuated Mr. Kelly and his family from their home and placed them in a secure location in a hotel. Mr. Kelly and his family were relocated to a hotel in Undisclosed Location #1 in May 2005, where they stayed for six months. Mr. Kelly's ATF credit card was deactivated because of a dispute at ATF over which ATF funding entity would cover Mr. Kelly's expenses. As a result, Mr. Kelly bore the expense of lodging, subsistence and relocation for himself and his family. Mr. Kelly bore the expense of official travel and use of his personally owned vehicle (POV) in such travel. Mr. Kelly also bore the expense of the sale of his home in Florida and relocation of his household goods.

7. In June 2005, Mr. Kelly was ordered to relocate to Undisclosed Location #2, where a credible threat existed, while no provisions were made for his wife and child, who were

left homeless. Mr. Kelly was finally transferred to Undisclosed Location #3, yet ATF denied him a funded house hunting trip. As a result of all the forgoing uncompensated expenses, Mr. Kelly had to sell his home in September of 2005, although he was finally reimbursed for the hotel expenses incurred in Undisclosed Location #1 in January of 2006.

8. As a result of the transfers, Mr. Kelly has had to pay out-of-pocket for lodging, transportation, subsistence, relocation and travel expense, house hunting, and expense on the sale of a home.

9. In or about July of 2006, Mr. Kelly filed a complaint with the OSC seeking reassignment to his first relocation order in Undisclosed Location #1, a temporary non-classified assignment and reimbursement for his expenses, as well as attorney fees and costs.

10. On or about January 17, 2007, Mr. Kelly and ATF settled their differences through the attached Settlement Terms Sheet (Attachment A). Mr. Kelly agreed to dismiss with prejudice his OSC complaint and stipulated that his expenses associated with his various relocations total no more than $141,204.89. Mr. Kelly agreed to submit to ATF voucher forms and receipts supporting his expenses within 90 days.

11. During the settlement conference, and as consideration for Mr. Kelly's promises, ATF agreed to work expeditiously and in good faith with Mr. Kelly to ensure reimbursement for any and all vouchers properly submitted by Mr. Kelly.

12. The parties to the settlement entered into the settlement agreement with the understanding that ATF would process Mr. Kelly's vouchers within a reasonable amount of time.

13. Mr. Kelly would not have entered into the settlement agreement with ATF had he believed that he would submit vouchers that ATF would never properly process or pay.

14. Mr. Kelly submitted a group of the requested voucher forms on or about March 30, 2007 to ATF.

15. While awaiting the reimbursements, Mr. Kelly continued to incur expenses providing for his family.

16. On or about May 16, 2007, Mr. Kelly received payment for Voucher No. 79143321A, only one of the thirteen vouchers he submitted, and an unknown deposit. One of the payment amounts did not correspond to any submitted voucher, indicating that ATF had either withheld taxes from a voucher, or had reduced the payment amount on another voucher. However, Mr. Kelly received no communication indicating that a voucher amount was being reduced as is required under 41 C.F.R. § 301-52.18.

17. On or about July 17, 2007, Mr. Kelly received a reduced payment for Voucher No. 79143566A and an unknown deposit. Mr. Kelly received no communication indicating that a voucher amount was being reduced, as is required under 41 C.F.R. § 301-52.18.

18. On or about July 18, 2007, Mr. Kelly received a reduced payment for Voucher No. 79143566D. Mr. Kelly received no communication indicating that this voucher was being reduced, as is required under 41 C.F.R. § 301-52.18. On or about July 18, 2007, Mr. Kelly also received payment-in-full for Voucher No. 79143566E.

19. On or about July 19, 2007, Mr. Kelly received a reduced payment for Voucher No. 79143566B. Mr. Kelly received no communication indicating that this voucher was being reduced, as is required under 41 C.F.R. § 301-52.18.

20. On or about July 2007, Mr. Kelly received a reduced payment for Voucher No. 79143321D. Mr. Kelly received no communication indicating that this voucher was being reduced, as is required under 41 C.F.R. § 301-52.18.

21. To date, only six (6) of the thirteen (13) vouchers submitted have been paid by ATF, representing payment of only $46,820.36 of the $141,204.89 due and owing.

22. ATF is required under 41 C.F.R. § 301-52.18, to notify those who submit vouchers of any error that would prevent payment within seven (7) working days of their submission.

23. To date, and in violation of its regulatory requirements pursuant to 41 C.F.R. § 301-52.18, ATF has failed to notify Mr. Kelly if the pending travel claims are improper.

24. Mr. Kelly and his counsel have made repeated requests for information as to the status of the remaining payments that are due and owing, and to date ATF has failed and/or refused to provide information as to when the remaining vouchers would be paid or when the monies owed would be paid. *See* Attachment B, email correspondence to the ATF.

25. As of the date of this amended complaint, ATF has failed and/or refused to meet its contractual obligation to work in good faith to reimburse Mr. Kelly for all submitted voucher forms within a reasonable amount of time.

**COUNT I**
**Breach of Contract (Failure To Comply With Settlement Agreement And The Requirements Of 41 C.F.R. § 301-52.18)**

26. Mr. Kelly incorporates and realleges the allegations of the above paragraphs as though fully set forth herein.

27. ATF breached its Settlement Agreement with Mr. Kelly by failing and/or refusing to work with him in good faith to reimburse him for his expenses within a reasonable amount of time and by refusing to comply with the requirements of 41 C.F.R. § 301-52.18.

28. Accordingly Mr. Kelly claims $141,204.89 as agreed to in the Settlement Agreement, and Mr. Kelly requests reimbursement in the amount of at least $141,204.89, which represents the expenses stipulated in the Settlement Agreement, plus late fees and interest as required by law and reasonable attorney fees and costs, as agreed to in the Settlement Agreement.

**COUNT II**
**Breach of Contract (Failure to Pay Expenses)**

29. Mr. Kelly incorporates and realleges the allegations of the above paragraphs as though fully set forth herein.

30. ATF is and at all times was obligated to pay Mr. Kelly's out-of-pocket for lodging, transportation, subsistence, relocation and travel expense, house hunting, and expense on the sale of a home pursuant to Federal Travel Regulation, 41 C.F.R. §§ 300 through 304, and ATF policy pursuant to ATF H 1500.1A, ATF O 1500.2C, ATF O 1540.1, and ATF B 1550.6.

31. Pursuant to 41 C.F.R. § 301-52.18, ATF is and at all times was obligated to notify Mr. Kelly within seven (7) days of his submission of travel vouchers of any errors in the vouchers that would prevent payment.

32. Mr. Kelly incurred expenses as a result of ATF orders for temporary duty, transfer and relocation of himself and his family. Mr. Kelly's ATF credit card was deactivated through no fault of his own. As a result, Mr. Kelly personally bore the expense associated with the temporary transfers and subsequent relocation of himself and his family.

33. The forgoing is in violation of the Federal Travel Regulation, 41 C.F.R. §§ 300 through 304, and ATF policy pursuant to ATF H 1500.1A, ATF O 1500.2C, ATF O 1540.1, and ATF B 1550.6.

34. Pursuant to 41 C.F.R. § 301-71.204, Mr. Kelly requests late fees on all temporary duty expenses that were not repaid within 30 days after submission of travel vouchers.

35. ATF breached its obligations to Mr. Kelly, and such obligations arose from the United States Constitution, federal statutes, executive regulations, and express and implied-in-fact contracts pursuant to 5 U.S.C. §§ 5701 *et al.*, Federal Travel Regulation, 41 C.F.R. §§ 300 through 304, ATF O 1500.2C, ATF O 1540.1, ATF H 1500.1A and ATF B 1550.6.

36. Accordingly Mr. Kelly requests reimbursement in the amount of at least $141,204.89, plus late fees and interest as required by law, as well as reasonable attorney fees and costs as agreed to in the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Kelly prays that this Court enter an order awarding Mr. Kelly the amount of at least $141,204.89 as stipulated in the Settlement Agreement, plus late fees and interest as required by law. Mr. Kelly further requests that this Court award Mr. Kelly any attorneys' fees and other costs associated with bringing this action, as well as grant such other and further relief as it may deem just and equitable.

Respectfully submitted,
*By Counsel*

/s/ Nicholas Woodfield
R. Scott Oswald, Esq.
Nicholas Woodfield, Esq.
The Employment Law Group, P.C.
888 17th Street, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 261-2812
Facsimile: (202) 261-2835
nwoodfield@employmentlawgroup.net
*Attorney for Plaintiff*

Date: October 18, 2007.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff's First Amended Complaint was served electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Nicholas Woodfield
Nicholas Woodfield