IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **PATRICK KELLY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-369 C** |
| | ) | **Judge Horn** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff Patrick Kelly, by and through counsel, hereby responds to and opposes Defendant's Motion to Dismiss. Defendant submits two bases for dismissing both counts of Plaintiff's complaint, the bases being:

> 1. Whether Count I of the complaint fails to state a claim upon which relief may be granted where the alleged written contract does not require ATF to reimburse Plaintiff for expenses.

and

> 2. Whether Count II of the complaint fails to state a claim upon which relief may be granted where Plaintiff has not plead the elements of a breach of contract.

As demonstrated below, Defendant's arguments are without merit and should be rejected by the Court. Accordingly, Plaintiff asks that the Court deny Defendant's Motion to Dismiss.

**I. <u>Defendant's Proffered Reading Of The Contract Defeats The Purpose Of The Contract And Produces An Absurd And Whimsical Result And, Therefore, As A Matter Of Law It Should Be Rejected.</u>**

On the issue of whether the settlement contract attached to Plaintiff's complaint requires ATF to reimburse Plaintiff for expenses, Defendant's own case, *Pete Vicari General Contractor,*

*Inc. v. U.S.*, which Defendant cites on p. 3 of its Motion to Dismiss as a source of "black letter law," states that:

> The court's analysis of the parties' competing interpretations of the contract must begin with the plain meaning of the contract itself. *Northrop Grumman Corp. v. Goldin*, 136 F.3d 1479, 1483 (Fed. Cir. 1998). <u>A contract must be read "in a manner that gives meaning to all its provisions and makes sense</u>. Thus, if the 'provisions are clear and unambiguous, they must be given their plain and ordinary meaning.'" *McAbee Constr., Inc. v. United States*, 97 F.3d 1431, 1435 (Fed. Cir. 1996) (internal citations omitted).

51 Fed. Cl. 161, 166 -167 (Fed. Cl. 2001) (emphasis added). Moreover, this Court has recognized that when reading and interpreting a contract, the court should not defeat the purpose of the contract. *See Valley View Shopping Center Ltd. v. U. S.*, 535 F.2d 42, 46 (Ct. Cl. 1976) (*citing Northwest Marine Iron Works v. U.S.*, 493 F.2d 652, 657 (Ct. Cl. 1974) ("The courts will not subscribe to an interpretation of contractual language which produces an absurd or whimsical result.")).

The Court should look to the actual contract[1] to determine whether Defendant's proffered interpretation of the contract – that the contract allegedly does not contemplate that Defendant should have to pay Plaintiff's expense vouchers upon submission – runs contrary to the contract's plain meaning, defeats its purpose, and leads instead to an absurd result. The settlement contract was intended to resolve Plaintiff's OSC complaint arising out of Defendant's failure to pay Plaintiff's expense vouchers, which Defendant did not pay because the vouchers were allegedly formatted improperly. The settlement contract states, in pertinent part:

> Pat Kelly will dismiss his complaint against Bureau of Alcohol Tobacco and Firearms ("ATF"), styled OSC File No. MA-06-2282, with prejudice (and each side to bear his/its attorney fees and costs except as set forth in paragraph (3) below), and he stipulates that all of his expenses associated with his move to Hyattsville and Albany incurred through 01/17/07 have been submitted to ATF (although not necessarily correctly formatted) and

[1] The contract was submitted as Exhibit A to the original complaint in this matter. Under R.C.F.C. 10(c), written documents attached to the complaint are considered "a part thereof for all purposes."

> that these expenses total no more than $141,204.89. Mr. Kelly further agrees to work expeditiously and in good faith with agency representatives to format the above voucher forms consistent with ATF protocol and to submit receipts supporting the above voucher requests, to the extent receipts are available, within 90 days. (Mr. Kelly recognizes that ATF will not reimburse him for any receipts submitted relating to the above vouchers after 90 days). In addition, Mr. Kelly agrees to cooperate with ATF's Operations Security Office regarding a threat assessment for his transfer to Boston.

Exhibit A to Plaintiff's Complaint. The Court should look at this language to confirm for itself that the intent of the parties was for Plaintiff to submit properly-formatted vouchers so that Defendant would process those vouchers for reimbursement of Plaintiff's reasonable expenses (for example, "Mr. Kelly recognizes that ATF will not reimburse him for any receipts submitted relating to the above vouchers after 90 days").

The Court should also use parol evidence to interpret the meaning of the settlement contract. In *Mustard v. U.S.*, this Court noted that:

> in a situation (such as the one involved in this case) where parties have reached an oral agreement and then sign a written document which supposedly incorporates the agreement but actually contains terms varying from the understanding of the parties, the instrument itself is not the actual agreement. Rather, the agreement in found in the parties' common supposition of what the instrument contained. In such a situation, the parties themselves can utilize parol evidence to have the instrument judicially amended so that it will represent the actual agreement.

155 F. Supp. 325, 332 (Ct. Cl. 1957) (citing *Wigmore on Evidence* (3d ed.), Vol. IX, p. 59).

Plaintiff's Amended Complaint clearly articulates that the parties to the contract intended that Defendant would pay Mr. Kelly's reasonable expenses within a reasonable time after he submitted them in proper format. Indeed, Plaintiff's Amended Complaint specifically declares as follows:

> 10. On or about January 17, 2007, Mr. Kelly and ATF settled their differences through the attached Settlement Terms Sheet (Attachment A). Mr. Kelly agreed to dismiss with prejudice his OSC complaint and stipulated that his expenses associated with his various relocations total no more than $141,204.89. Mr. Kelly agreed to submit to ATF voucher forms and receipts supporting his expenses within 90 days.

> 11. During the settlement conference, and as consideration for Mr. Kelly's promises, ATF agreed to work expeditiously and in good faith with Mr. Kelly to ensure reimbursement for any and all vouchers properly submitted by Mr. Kelly.
>
> 12. The parties to the settlement entered into the settlement agreement with the understanding that ATF would process Mr. Kelly's vouchers within a reasonable amount of time.
>
> 13. Mr. Kelly would not have entered into the settlement agreement with ATF had he believed that he would submit vouchers that ATF would never properly process or pay.

Plaintiff's Amended Complaint, at ¶¶ 10-13 (emphasis added). Because the settlement contract contains no integration clause, the Court may utilize parol evidence to interpret the contract as requiring payment (and not just processing) of the vouchers submitted by Plaintiff to the Defendant.[2] Defendant should not be allowed to claim now that the contract contemplated only that Mr. Kelly would submit to Defendant expense vouchers for consideration and nonpayment.

Defendant's claim that payment was not considered as part of Defendant's processing of the vouchers flies in the face of logic and reason, as Defendant was settling with the contract

[2] In *David Nassif Associates v. U. S.*, this Court explained that:

> The parol evidence rule requires 'the exclusion of extrinsic evidence, oral or written, where the parties have reduced their agreement to an integrated writing.' 4 Williston, *Contracts* § 631 (3d ed. 1961). In determining the applicability of the parol evidence rule, the crucial step is to ascertain whether the parties assented to the writing in question as a complete integration of their agreement. 3 Corbin, *Contracts* § 582 (1960). Thus, the issue in this case centers on whether the lease agreement, executed on April 11, 1968, constituted a complete integration of the parties' agreement.
>
> *Restatement (Second) of Contracts* § 235(3) (Tent. Drafts Nos. 1-7, 1973) provides:
>
> Where the parties reduce an agreement to a writing which in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression.

557 F.2d 249, 263 (Ct. Cl. 1977).

Plaintiff's claim for Defendant's nonpayment of his vouchers. Accordingly Plaintiff asks that the Court reject this argument as without merit and deny Defendant's motion to dismiss.

## II. Defendant's Argument That Plaintiff Failed To Fully Plead The Elements Of A Breach Of Contract Asks The Court To Apply A Summary Judgment Standard At The Motion To Dismiss Stage.

Defendant argues erroneously that the Court should dismiss Count II of Plaintiff's complaint "because Plaintiff has not alleged facts sufficient to show that a contract existed:"

> Here, plaintiff has failed to specify the terms of the contract; has failed to show that ATF intended to be bound by any contract; and has failed to demonstrate that a meeting of the minds occurred. Also, the implied contract cited by plaintiff is not valid because, under plaintiff's facts, it is directly related to the express contract between the parties. Finally, plaintiff has failed to allege authority on the part of the government representative who allegedly entered into the contract (or even identify that representative).

Motion to Dismiss, at 5-6. Defendant's argument is without merit as it asks the Court to apply a summary judgment standard at the motion to dismiss stage. The Supreme Court in *Swierkiewicz v. Sorema N. A.* rejected this argument when it declared that "[t]his Court has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." 534 U.S. 506, 511 (2002). Rather, this Court must consider as the standard for a motion to dismiss R.C.F.C. 8(a)'s notice pleading standard, which is identical to Fed. R. Civ. P. 8(a), the rule the *Swierkiewicz* Court held to be the proper standard in resolving a motion to dismiss.

R.C.F.C. 8(a) provides as follows:

> Rule 8. General Rules of Pleading
>
> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

In *Swierkiewicz,* the Court explained that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts." 534 U.S. at 513. Because Defendant is asking this Court to dismiss Plaintiff's second cause of action based upon an argument that the United States Supreme Court has mandated inapposite to a motion to dismiss, the Court should reject Defendant's argument and deny its motion to dismiss.

Respectfully submitted,
*By Counsel*

/s/ Nicholas Woodfield

R. Scott Oswald, Esq.
Nicholas Woodfield, Esq.
The Employment Law Group, P.C.
888 17th Street, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 261-2812
Facsimile: (202) 261-2835
nwoodfield@employmentlawgroup.net
*Attorney for Plaintiff*

Date: November 1, 2007.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was served electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Nicholas Woodfield
Nicholas Woodfield